UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-68348-PWB |
| | : | |
| STEVEN ALAN LITTLE, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| S. GREGORY HAYS, Chapter 7 Trustee for the Bankruptcy Estate of Steven Alan Little, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| STEVEN ALAN LITTLE, | : | |
| | : | |
| Respondent. | : | |

**TRUSTEE'S MOTION FOR ORDER COMPELLING DEBTOR TO PERFORM STATUTORY DUTIES**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Steven Alan Little ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Motion for Order Compelling Debtor to Perform Statutory Duties* (the "**Motion to Compel**"). In support of this motion, Trustee respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Second Motion to Compel pursuant to 28 U.S.C. §§ 157 and 1334. This Second Motion to Compel presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

14655619v1

## Background

### a. General Background

2. Debtor commenced the above-styled bankruptcy case by filing a voluntary petition [Doc. No. 1] under Chapter 7 of Title 11 of the United States Code on November 14, 2019 (the "**Petition Date**"), initiating Case No. 19-68348-pwb (the "**Case**").

3. Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4. The Chapter 7 Section 341 Meeting of Creditors (the "**Section 341 Meeting**") was held and concluded on December 17, 2019.

5. At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a) (2019).

6. Trustee is the sole representative of the Estate. 11 U.S.C. § 323(a) (2019).

### b. The Property

7. On his *Schedule A/B: Property*, as amended [Doc. No. 15 at page 22 of 56], Debtor scheduled his partial ownership interest in that certain improved real property known generally as 9117 Fairfield Approach, Jonesboro, Clayton County, Georgia 30236 (the "**Property**").

### c. Alleged Liens, Interests, and Encumbrances

8. On his *Schedule D: Creditors Who Have Claims Secured by Property*, as amended [Doc. No. 15 at page 34 of 56], Debtor scheduled one (1) claim on or against the Property: a secured claim in the amount of $93,000 in favor of Wells Fargo.

### *d. Attempts to Value the Property*

9. Trustee needs to have a broker visit the Property to provide an opinion on the value of the Property and has attempted to contact the Debtor via telephone at least four times to discuss accessing the Property.

10. Debtor has failed to respond and refused to allow Trustee or his broker to access the Property.

11. Based upon the foregoing, Trustee files this Motion to Compel.

### Relief Requested

12. Trustee requests an Order directing Debtor to immediately and fully cooperate with Trustee in performing his statutory duties.

### Basis for Relief Requested

13. Debtor has refused to allow Trustee's broker to access the Property in order to provide an opinion on the value of the Property so that Trustee can determine whether there is equity in the Property. It is paramount that Debtor cooperate with Trustee and comply with his statutory duties.

14. Section 521 of the Bankruptcy Code, setting forth Debtor's duties, provides that:

(a) The debtor shall . . .

> (3) if a trustee is serving in the case . . . , *cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title*;

> (4) if a trustee is serving in the case . . . , surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title . . . .

11 U.S.C. § 521 (2019) (emphasis added).

14655619v1

15. And, in turn, under 11 U.S.C. § 704, Trustee has affirmative duties to, among other things, investigate and reduce to money property of Debtor's Bankruptcy Estate. 11 U.S.C. § 704 (2019). Finally, Section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a) (2019).

16. Importantly, the duties imposed by Section 521 are affirmative obligations. "A trustee is not required to play detective or to chase a debtor into court to gain [her] cooperation." *In re Dunn*, 320 B.R. 161, 165 (Bankr. S.D. Ohio 2004) (quoting *In re Sowers*, 97 B.R. 480, 487 (Bankr. N.D. Ind. 1989)).

17. Based on these principles of law, Trustee seeks an order again directing Debtor to comply with her required duties, including, without limitation fully cooperating with Trustee and the Broker in the marketing and showing of the Property.

WHEREFORE, Trustee requests that the Court grant the requested relief, and grant such other and further relief as is just and proper.

Respectfully submitted this 13th day of February, 2020.

        ARNALL GOLDEN GREGORY, LLP
        *Attorneys for Chapter 7 Trustee*

        By:*/s/ Michael J. Bargar*
           Michael J. Bargar
           Georgia Bar No. 645709
           michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
Phone: (404) 873-8500 / Fax: (404) 873-8501

14655619v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served true and correct copies of the foregoing *Trustee's Motion for Order Compelling Debtor to Perform Statutory Duties* by delivering copies of the same via United States, first class mail, postage prepaid, and or electronic mail or overnight mail, as indicated, to the following persons or entities:

Office of the U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA  30303

Steven Alan Little
9117 Fairfield Approach
Jonesboro, GA 30236

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 13th day of February, 2020.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

14655619v1